IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA RENEE WILSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security[1] | : | NO. 21-790 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                          October 29, 2021

Lisa Renee Wilson ("Plaintiff") seeks review of the Commissioner's decision denying her claim for supplemental security income ("SSI"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

I.   **PROCEDURAL HISTORY**

Plaintiff was born on March 24, 1971, and applied for SSI on January 11, 2019, alleging disability as of April 1, 2017,[2] due to severe arthritis in her right hip, arthritis in her left hip, hypertension, enlarged intestines, anxiety, colitis, inflammation in her ankles, a heel spur, a torn ligament in her left foot and heel, asthma, and fibroids. Tr. at 64, 213, 240. After Plaintiff's claim was denied initially, id. at 108-12, Plaintiff requested a

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kijakazi should be substituted for Andrew Saul as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) Social Security Act, 42 U.S.C. § 405(g).

[2]Plaintiff's application alleged disability beginning April 1, 2017. Tr. at 213. During the June 30, 2020 ALJ hearing, Plaintiff amended the alleged date of disability to January 11, 2019, the date that Plaintiff applied for SSI. Id. at 39-40.

hearing before an administrative law judge ("ALJ"), id. at 127, which occurred on June 30, 2020.  Id. at 34-63.  On July 30, 2020, the ALJ denied Plaintiff's claim.  Id. at 15-27.  On January 11, 2021, the Appeals Council denied Plaintiff's request for review, id. at 1-6, making the ALJ's July 30, 2020 decision the final decision of the Commissioner.  20 C.F.R. § 416.1481.

Plaintiff initiated this action by filing her complaint on February 22, 2021.  Doc. 1.  In response to Plaintiff's brief in support of her request for review, Doc. 10, Defendant filed an uncontested motion for remand that does not specify the basis for the requested remand other than to say that further evaluation is warranted.  Doc. 13 ¶ 2.[3]  Defendant represents that the matter will be remanded to an ALJ who "will take any action necessary to further evaluate the case and complete the administrative record, and hold a new hearing with vocational testimony, if warranted [and] issue a new decision."  Id. ¶ 3.

**II.    DISCUSSION**

Plaintiff challenges the merits of the ALJ's decision.  Because remand is uncontested, I will comment only briefly on Plaintiff's merits challenge.  These comments do not limit the breadth of review on remand.

Review of the record reveals that Plaintiff suffers from a significant number of impairments, with diagnoses including severe osteoarthritis of the right hip, moderate osteoarthritis of the left hip, asthma, gastroesophageal reflux disease, left Achilles

---

[3]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 5.

tendonitis, hypertension, obesity, an unspecified sleep disorder, excessive daytime sleepiness, anxiety, panic disorder, and an unspecified depressive disorder. Tr. at, e.g., 425, 428, 487, 533, 567, 590, 852, 1035. Plaintiff argues that the ALJ inadequately addressed the extent to which Plaintiff is limited by her hip osteoarthritis, erroneously failed to consider that two state agency examiners attributed limitations to Plaintiff's obesity, improperly failed to evaluate the impact of Plaintiff's excessive daytime sleepiness and chronic fatigue on her ability to perform sustained work, discounted the opinions of Plaintiff's treating psychologists regarding the limiting effects of her mental impairments, and gave insufficient consideration to the limitations imposed by Plaintiff's asthma. Doc. 10 at 3-9.

In his decision, the ALJ found that Plaintiff has the severe impairments of osteoarthritis of the hips, asthma, obesity, depression, and anxiety. Tr. at 17. The ALJ found that Plaintiff's hypertension and left Achilles tendonitis are not severe impairments. Id. The ALJ further found that none of Plaintiff's conditions met or medically equaled the listing of impairments in 20 CFR Part 404, Subpart P, Appendix 1. Id. at 18. The ALJ concluded that Plaintiff retains the residual functional capacity ("RFC") to perform sedentary work, but with the following limitations:

> [Plaintiff] requires a cane for ambulation, but can carry small objects in her free hand. She can tolerate no more than brief, occasional exposure to dust, dirt, fumes, and other pulmonary irritants. She would need to periodically change positions, which would cause her to be off-task up to, but not in excess of, fifteen percent (15%) of the workday. [Plaintiff] is capable of carrying out detailed, but uninvolved written or oral instructions and work involving no interaction with the general public.

3

Id. at 21-22.  The ALJ accepted the vocational expert's ("VE") testimony that a person with Plaintiff's vocational factors and RFC could perform the requirements of jobs such as office clerical positions, inspector, and assembler.  Id. at 26-27; see also id. at 59-60.

Several aspects of the ALJ's opinion warrant attention.  In his decision, the ALJ stated that it is "important to note" that Plaintiff reported that

> she is generally independent in her self-care and activities of daily living, such as caring for her children with special needs and health issues, preparing meals, attending religious meetings, managing her finances, shopping in stores, talking on the telephone with friends, washing laundry, playing board games, and cleaning her home (with the help of her children).

Tr. at 24.  This appears to overstate the evidence regarding Plaintiff's ability to perform her daily activities.  Plaintiff testified that she is unable to dress or bathe herself without help from her daughter.  Id. at 47, 51-52.  She also indicated that she is unable to use public transportation and that her daughter and others provide transportation when Plaintiff needs to go shopping or to religious meetings.  Id. at 56-57, 267 (function report).  Plaintiff also stated that her son and daughter complete nearly all of the cleaning at Plaintiff's home.  Id. at 55-56.  Consultative examiner Beau Brendley, Psy.D., also noted that Plaintiff "needs assistance dressing, bathing, and grooming herself, [and with] general cleaning, shopping, managing money, driving, and taking public transportation." Id. at 556.

With respect to the ALJ's consideration of the impact of Plaintiff's obesity, the ALJ stated that no medical source attributed limitations to Plaintiff's obesity.  Tr. at 19. However, state agency examiners Chevaughn Daniel, M.D., and Candelaria Legaspi,

M.D., both explicitly attributed their assessment of Plaintiff's postural limitations to her morbid obesity.  Id. at 76-77, 95-96.

With respect to Plaintiff's right hip osteoarthritis, the ALJ determined that Plaintiff would be off task no more than 15% of the time due to her need to periodically change positions.  Tr. at 21-22.  The record reveals that in August 2019 treatment provider Michael Maloney, M.D., found that Plaintiff's severe osteoarthritis had progressed compared to 2017 and Plaintiff will likely require a total hip arthroplasty, id. at 589-90, while consultative examiner James Goodyear, M.D., noted Plaintiff's report of right hip pain and observed that Plaintiff needed some assistance getting on and off the examination table.  Id. at 565-66.  Additionally, Plaintiff testified that she is only able to sit in a chair for approximately twenty to thirty minutes at a time due to her severe hip pain.  Id. at 50.  Based on this record, it is unclear whether Plaintiff can perform the work identified by the VE, particularly given the VE's testimony that a person would be precluded from work if they were required to lie down for one hour in an eight-hour workday or were off task more than 15% of an eight-hour workday due to pain and other symptoms, such as needing to alternate between sitting and standing while using a cane.  Id. at 60, 61.

In sum, given the aforementioned aspects of the ALJ's opinion, it is unclear whether Plaintiff can perform the identified jobs.  I will grant the motion for remand.[4]

---

[4]Plaintiff also alleges a constitutional defect in the Commissioner's appointment. Doc. 10 at 10-11 (citing Seila Law, LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (June 29, 2020)).  Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

## III.	CONCLUSION

For the foregoing reasons, I will grant the Defendant's unopposed motion for remand.

An appropriate Order and Judgment Order follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA RENEE WILSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | |
| | : | NO. 21-790 |

# **O R D E R**

AND NOW, this 29th day of October, 2021, upon consideration of Plaintiff's brief (Doc. 10), Defendant's unopposed Motion to Remand (Doc. 13), and the administrative record (Doc. 9), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ ELIZABETH T. HEY
_____
ELIZABETH T. HEY, U.S.M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA RENEE WILSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO. 21-790 |

## JUDGMENT ORDER

AND NOW, this 29th day of October, 2021, the Court having separately ordered the remand of this action for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), IT IS FURTHER ORDERED that final judgment in favor of Plaintiff is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

BY THE COURT:

/s/ ELIZABETH T. HEY

_____
ELIZABETH T. HEY, U.S.M.J.